[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15686
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

Agency No. A087-361-946

JOSEPH EDISON FERNANDO,
INGRID FERNANDO,
MICHAEL BRIAN FERNANDO,
PLACIDUS STEVE FERNANDO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 14, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Joseph Fernando (Fernando), his wife Ingrid Fernando, and their two minor

sons Michael Brian Fernando and Placidus Steve Fernando petition this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order finding them removable and denying their application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).[1]  After a thorough review of the record, we deny the petition.

I.

Fernando, who is a native of Sri Lanka, arrived in the United States as a tourist in August 2008 with authorization to remain in this country until February 2009.  In November 2008, Fernando submitted an application for asylum, withholding of removal, and CAT protections.  In support of his application, Fernando alleged that he had been persecuted on account of his race[2] by the Liberation Tigers of Tamil Elam (LTTE), a Sri Lankan militant group.[3]  Fernando

---

[1] The applications of Ingrid Fernando, Michael Brian Fernando and Placidus Steve Fernando, are derivatives of Fernando's asylum application.  Accordingly, any discussion of Fernando's claims are also applicable to Ingrid, Michael and Placidus Fernando.

[2] Although Fernando argues that he was harassed for political reasons, he failed to make this argument before the BIA, therefore we do not have jurisdiction to consider it.  *Yang v. U.S. Att'y Gen.*, 494 F.3d 1311, 1316 (11th Cir. 2007).

[3] The LTTE is an armed rebel group that fought against the Sinhalese-controlled Sri Lankan government in an effort to create a separate state for the Tamil minority.  Evidence in the

testified that the LTTE visited his home on several occasions demanding that his oldest son leave the family and join the group. The last time the LTTE visited, in June 2008, the men pointed a gun at Fernando's head and said this was their "final warning" and that the LTTE would be back for his son "soon." As a result, Fernando and his family left Sri Lanka in August 2008.

In April 2009, the Department of Homeland Security began removal proceedings against Fernando and his family because they had remained in the United States beyond the expiration of their tourist visas. After a hearing, the IJ found Fernando's testimony to be credible, but denied his application because he failed to show that: 1) he was persecuted in the past in Sri Lanka on account of any statutorily protected ground; 2) he had a well-founded fear that he would be persecuted in the future on a protected ground; and 3) it was more likely than not that he would be tortured if returned to Sri Lanka.

Fernando appealed to the BIA, which also dismissed his claims. The BIA found that Fernando did not suffer past persecution based on a protected ground, specifically that "Tamil ethnicity did not constitute a 'central reason' for the forced recruitment efforts" and that teenage Tamil males are not a particular social

record shows that the fighting ended in May 2009, although a new group of Tamil militiants, known as the People's Liberation Army (PLA), has recently emerged in its place.

group for purposes of the INA. Morever, the BIA determined that Fernando failed to establish that he faced fear of harm throughout Sri Lanka and that he could not relocate within the country. Fernando then filed this timely petition for review.

## II.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA did not expressly adopt the IJ's opinion or reasoning, it is the only decision we will review here. Further, we review legal determinations of the BIA *de novo*, and review "administrative fact findings under the highly deferential substantial evidence test." *Riveria v. U.S. Att'y Gen.*, 487 F.3d 815, 820 (11th Cir. 2007).

We must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). Under the substantial-evidence test, we view the record "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Thus, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz v. Gonzales*, 479 F.3d 762, 765

4

(11th Cir. 2007) (internal quotation marks omitted).

## III.

Fernando argues that he is entitled to asylum and withholding of removal because his testimony established that he suffered past persecution and had a well-founded fear of future persecution on account of his race and membership in a social group. Further, he argues that he is entitled to CAT relief because he will likely be tortured upon their return to Sri Lanka. We will address each argument in turn.

## A.

The INA provides "that any alien who is physically present in the United States . . . may apply for asylum." 8 U.S.C. § 1158(a)(1). "To be eligible, an applicant must prove that he is a 'refugee' within the meaning of the [INA]." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1006-07 (11th Cir. 2008). An applicant can prove refugee status if he shows that he suffered either "past persecution" or has a "well-founded fear" of future persecution based upon a protected ground. 8 C.F.R. § 208.13(b). To establish a well-founded fear of future persecution, an applicant must demonstrate that his fear of future persecution is "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. Protected grounds include race, membership in a particular social

5

group, and political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

Further, to receive withholding of removal, an alien "must show that his life or freedom would be threatened on account of race . . . . , membership in a particular social group, or political opinion." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Id.* This standard is more stringent than the well-founded fear standard for asylum; thus if an applicant is unable to meet the well-founded fear standard he is unable to qualify for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

In this case, we conclude that the BIA properly determined that Fernando failed to show he was persecuted because of a protected ground. Although the LTTE focused recruitment on Tamil men, this does not establish that Fernando was being persecuted for his race or that he belonged to a protected group. *Matter of S-E-G-*, 24 I &N Dec. 579, 590 (BIA 2008). Moreover, even if male Tamil youth or their parents did qualify as a protected group, forced recruitment efforts alone do not equal persecution. *I.N.S. v. Elias-Zacarias*, 502 US. 478, 482 (1992) (holding that refusal to join forces with guerillas is not persecution); *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (finding that "it is not enough

6

to show that [petitioner] was or will be persecuted due to [his] refusal to cooperate with guerillas.").

Further, Fernando failed to show a well-founded fear of future persecution. The Sri Lankan government maintains, and the record shows, that the LTTE was defeated in May 2009. Although there are some reports of the emergence of a new rebel group, there is no evidence in the record that they are practicing forced recruitment or would target male ethnic Tamils.

Additionally, the record supports the BIA's conclusion that Fernando failed to establish that he faced harm throughout Sri Lanka or that he could not relocate within Sri Lanka to avoid the LTTE if necessary. *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1324-27 (11th Cir. 2001) (noting that "where the alleged persecutors are not affiliated with the government, it is not unreasonable to require a refugee who has an internal resettlement alternative in his own county to pursue that option . . . or at least to establish that such an option is unavailable."). Finally, because Fernando failed to show eligibility for asylum, his claim for withholding necessarily fails.

B.

To receive relief under CAT, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he . . . would be tortured if removed

7

to the proposed county of removal." 8 C.F.R. § 208.16(c)(2). Torture is defined as an "extreme form of cruel and inhuman treatment" that causes "severe pain or suffering, whether physical or mental." 8 C.F.R. § 208.18(a)(1)-(2). The pain or suffering must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* at (a)(1).

Here, the BIA properly denied Fernando's application for CAT relief. Fernando failed to present any evidence that the Sri Lankan government tortured Tamils or that LTTE acted with the government's acquiescence or authorization. Accordingly, we deny the petition for review.

**PETITION DENIED**.